IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE GITTLEMACKER and KEVIN GARROW, wife and husband 4565 Bermuda Street Philadelphia, PA 19124<br>        Plaintiffs,<br>    v.<br><br>FALLS TOWNSHIP, c/o Falls Township Police Department 188 Lincoln Highway Fairless Hills, PA 19030<br>    and<br>Police Officer BRIAN DETRICK, c/o Falls Township Police Department 188 Lincoln Highway Fairless Hills, PA 19030 | : <br>: <br>: CIVIL ACTION<br>: <br>: NO.<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

## COMPLAINT

Plaintiffs, **DIANE GITTLEMACKER**, (hereinafter "Plaintiff **GITTLEMACKER**") and **KEVIN GARROW** (hereinafter "Plaintiff **GARROW**") wife and husband, by and through their undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., file this Complaint and sue Defendants, **FALLS TOWNSHIP**, and **Police Officer BRIAN DETRICK**, and aver as follows:

### INTRODUCTION

1.  This is an action at law for damages sustained by a citizen of the United States against an individual police officer of the Falls Township Police Department and against Falls Township.

2.  On October 2, 2020 at approximately 11:00 p.m.., Plaintiff **GITTLEMACKER** was arrested on the 300 block of Hamilton Avenue in Falls Township, Pennsylvania by

1

Defendant **Police Officer BRIAN DETRICK** (hereinafter "Defendant **DETRICK**") for four misdemeanors and five summary offenses arising out of a traffic accident.[1]

3. During the course of the arrest, Plaintiff did not resist Defendant **DETRICK** in any way, did not engage in any assaultive or threatening behavior, and did nothing to justify the use of excessive force on Plaintiff **GITTLEMACKER** by Defendant **DETRICK**.

4. During the course of the arrest, after hand cuffing Plaintiff **GITTELMACKER**, Defendant **DETRICK** used excessive force on Plaintiff **GITTLEMACKER**, assaulting her and injuring, *inter alia*, her chest, back and left shoulder.

5. After he hand cuffed Plaintiff **GITTLEMACKER**, Defendant **DETRICK** threw her into the back of a police vehicle, failed to place a seatbelt on her, and then intentionally operated the vehicle in a reckless and erratic manner, for the purpose of causing Plaintiff **GITTELMACKER** personal injuries . He accomplished this goal by, *inter alia*, intentionally swerving and jolting the moving vehicle so that Plaintiff **GITTLEMACKER** was thrown around the interior of the caged portion of the police vehicle, causing her body to slam into internal parts and components of the police vehicle.

6. During these events, Plaintiff **GITTLEMACKER** was handcuffed and was unable to steady herself despite her attempts to do so.

7. By this complaint, Plaintiff **GITTLEMACKER** seeks judicial redress for violation of her civil rights.

8. Plaintiff **GITTLEMACKER** brings this claim pursuant to 42 U.S.C. Sec. 1983 seeking monetary relief for violation of the Fourth Amendment to the Constitution of the

---

[1] All charges were dismissed on June 2, 2021 by the District Magistrate, the Honorable Jan Vislosky.

United States, made applicable to the States by the Fourteenth Amendment to the Constitution of the United States. Plaintiff **GITTLEMACKER** also seeks damages under Pennsylvania tort law. Plaintiff **GARROW** seeks damages for loss of consortium.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked under 28 U.S.C. Sec. 1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff **GITTLEMACKER** by the Constitution of the United States.

10. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

11. Venue is properly placed in the Unites States District Court of the Eastern District of Pennsylvania as it is where all parties reside or have business addresses and where all the events complained of occurred.

## PARTIES

12. Plaintiff **GITTLEMACKER** is an adult individual, a citizen of the United States, and she resides in Philadelphia, Pennsylvania.

13. Plaintiff **GARROW** is an adult individual, a citizen of the United States and he resides in Philadelphia, Pennsylvania. Plaintiff **GARROW** is the husband of Plaintiff **GITTLEMACKER**.

14. Defendant **FALLS TOWNSHIP** is a municipal entity, municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and was the employer Defendant **DETRICK**.

15. Defendant **DETRICK** is an adult individual, duly appointed and presently

acting as a police officer for Defendant **FALLS TOWNSHIP**. Defendant **DETRICK** is being sued in his individual capacity for money damages.

16. At all times pertinent hereto, Defendant **DETRICK** was a state actor, sanctioned under color of state law, statute, township ordinances, regulations, policies, practices, customs and/or usages, who engaged in conduct resulting in injury to Plaintiff **GITTLEMACKER**, depriving her of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment to the Constitution of the United States, and the laws of the United States and Commonwealth of Pennsylvania.

17. Defendant **FALLS TOWNSHIP**, by and through the individual members of the Police Department of Falls Township, including, but not limited to, Defendant **DETRICK**, acting under color of law, statute, township ordinance, regulations, policies, practices, customs and/or usages have subjected Plaintiff **GITTLEMACKER** and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery resulting in the denial of the rights, privileges, and immunities guaranteed to Plaintiff **GITTLEMACKER** and other citizens by the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

18. This systematic pattern of conduct consisted of a large number of individual acts of violence, physical harm, intimidation and/or humiliation visited upon Plaintiff **GITTLEMACKER** and other citizens by members of the Police Department of Falls Township, under color of law. These acts of violence, intimidation and/or humiliation which occurred under color of law, have no justification or excuse in law and are illegal, improper, and unrelated to any activity in which a police officer may appropriately and legally engage

in the course of protecting persons or property or ensuring civil order.

19. Despite the fact that Defendant **FALLS TOWNSHIP** policy making officials knew and/or should have known of the fact that this pattern of conduct was being carried out by police officers, Defendant **FALLS TOWNSHIP**, through its policy maker officials, particularly the chief of police, have made no effort to halt to this course of conduct, to make redress to Plaintiff **GITTLEMACKER** or other citizens injured thereby, or to take any disciplinary action whatsoever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this pattern of conduct.

## ADDITIONAL FACTUAL AVERMENTS AGAINST FALLS TOWNSHIP

20. This cause of action is brought by Plaintiff **GITTLEMACKER** against Falls Township for deprivation by its agents, servants, workmen and/or employees of her constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

21. Defendant **DETRICK**, acting under color of law as authorized police officer of Defendant **FALLS TOWNSHIP** while in the act of stopping, arresting, physically abusing and denying medical treatment resulted in a constitutional deprivation of Plaintiff **GITTLEMACKER**'s constitutional rights in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

22. Defendant **FALLS TOWNSHIP** violated Plaintiff **GITTLEMACKER**'s due process rights by failing to train Defendant **DETRICK** in the proper methods for dealing with handcuffed suspects or perpetrators under the same circumstances as Plaintiff **GITTLEMACKER**, and by not properly seeing to it that the citizens they injure get needed medical attention.

23. Defendant **FALLS TOWNSHIP**, through its police department, has a history of verbal and physical abuse, police brutality and denial of reasonable medical attention to citizens similarly situated as Plaintiff **GITTLEMACKER** and depriving them of their constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

23. The constitutional deprivation was caused by Defendant **FALLS TOWNSHIP**'s lack of training, supervision and discipline with regard to its police officers in general, and Defendant **DETRICK** in particular, by failing to train, discipline or supervise police officers in their duty to appropriately interact with citizens without causing the deprivation of constitutional rights and departing from the prevailing standards.

24. Prior to the date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated and negligently overlooked, ratified and/or approved the constitutional violations of citizens by officers of its police department, particularly Defendant **DETRICK**, who was not properly trained and supervised to appropriately interact with citizens without causing the depravation of constitutional rights, particularly the right to be free of the excessive and unreasonable use of force prohibited by the Fourth Amendment to the Constitution of the United States.

25. Defendant **FALLS TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its police officers in general, and Defendant **DETRICK**, in particular, to appropriately interact with citizens without causing the depravation of constitutional rights.

26. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **FALLS TOWNSHIP**, acting through Defendant **DETRICK**, Plaintiff

GITTLEMACKER has sustained severe physical and mental injuries as indicated below.

## COUNT I
### Plaintiff GITTLEMACKER v. Defendant DETRICK
### CIVIL RIGHTS VIOLATIONS- 4th Amendment

### FACTUAL AVERMENTS

27. Plaintiff **GITTLEMACKER** incorporates herein by reference all of the averments contained in paragraphs 1 through 26 above, as fully as though the same were set forth here at length.

28. On October 2, 2020 at approximately 11:00 p.m., Plaintiff **GITTLEMACKER** was arrested on the 300 block of Hamilton Avenue in Falls Township, Pennsylvania by Defendant **DETRICK** and charged with four misdemeanors and five summary offenses arising out of a traffic accident. All those charges were dismissed by the Court in June 2021.

29. During the course of the arrest, Plaintiff **GITTLEMACKER** did not resist Defendant **DETRICK** in any way, did not engage in any assaultive or threatening behavior, and did nothing to justify the use of excessive force by Defendant **DETRICK**.

30. During the course of the arrest, after hand cuffing Plaintiff **GITTLEMACKER**, Defendant **DETRICK** used excessive force on Plaintiff **GITTLEMACKER**, assaulting her and injuring, *inter alia*, her chest, back and left shoulder.

31. After he hand cuffed Plaintiff **GITTLEMACKER**, Defendant **DETRICK** threw her into the back of a police vehicle, failed to secure her with a seatbelt, and then intentionally operated the police vehicle in a reckless and erratic manner, for the purpose of causing Plaintiff **GITTLEMACKER** personal injuries . He accomplished this goal by,

*inter alia*, intentionally swerving and jolting the moving vehicle so that she was thrown around the interior of the caged portion of the police vehicle, causing her body to slam into internal parts and components of the police vehicle.

32. During these events, Plaintiff **GITTLEMACKER**, who was hand-cuffed, tried to steady herself to prevent injury, but she was unable to do so.

## ADDITIONAL FACTUAL AVERMENTS AGAINST FALLS TOWNSHIP

33. Plaintiff **GITTLEMACKER** incorporates by reference all of the averments contained in paragraphs 1 through 32 above, as fully as though the same were set forth here at length.

34. This cause of action is brought by Plaintiff **GITTLEMACKER** against Defendant **FALLS TOWNSHIP** for deprivation by its agents, servants, workmen and/or employees of her constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

35. Defendant **DETRICK**, acting under color of law as an authorized police officer of Defendant **FALLS TOWNSHIP** while in the act of stopping, arresting, physically abusing, and denying medical treatment to Plaintiff **GITTLEMACKER**, caused a constitutional deprivation of Plaintiff **GITTLEMACKER**'s constitutional rights in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

36. Defendant **FALLS TOWNSHIP** violated Plaintiff **GITTLEMACKER**'s due process rights by failing to train Defendant **DETRICK** in the proper methods for dealing with handcuffed suspects or perpetrators under the same circumstances as Plaintiff **GITTLEMACKER**, and by failing to see to it that the citizens they injure get needed medical attention.

37. Defendant **FALLS TOWNSHIP**, through its police department, has a history of verbal and physical abuse, police brutality and denial of reasonable medical attention to citizens similarly situated as Plaintiff **GITTLEMACKER** and depriving them of their constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

38. The constitutional deprivation was caused by Defendant **FALLS TOWNSHIP**'s lack of training, supervision and discipline with regard to its police officers in general and Defendant **DETRICK** in particular by failing to train, discipline or supervise police officers in their duty to appropriately interact with citizens without causing the deprivation of constitutional rights departing from the prevailing standards.

39. Prior to the date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated and negligently overlooked, ratified and/or approved the constitutional violations of citizens' rights by officers of its police department, particularly Defendant **DETRICK**, who was not properly trained and supervised to appropriately interact with citizens without causing the depravation of constitutional rights, particularly the right to be free of the excessive and unreasonable use of force prohibited by the Fourth Amendment to the Constitution of the United States.

40. Defendant **FALLS TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its police officers in general and Defendant **DETRICK**, in particular, to appropriately interact with citizens without causing the depravation of constitutional rights.

41. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **FALLS TOWNSHIP**, acting through Defendant **DETRICK**, Plaintiff

**GITTLEMACKER** has sustained severe physical and mental injuries as indicated below.

## DAMAGES

42. As a direct and proximate result of the above mentioned acts of the Defendants, Plaintiff **GITTLEMACKER** has been caused to suffer great bodily and mental harm, pain, suffering and injury, including exacerbation of preexisting injuries and mental anguish, including injuries and pain to her chest, back, left shoulder and head, from the time of the incident until now, and will continue to suffer same well into the future; she has lost and will in the future lose sums of money due to medical expenses past, present and future; has lost and/or may lose earning capacity and by reason of having been greatly humiliated and held up to public scorn and ridicule as a result of the foregoing acts of the Defendants.

43. Plaintiff **GITTLEMACKER** has been forced to incur financial obligations for investigation, attorney fees, court reporter fees and other expenses in the prosecution and protection of her civil rights, which has been a serious burden to her.

44. Due to the intentional, outrageous and/or recklessly indifferent nature of the misconduct of Defendant **DETRICK** as outlined above, Plaintiff **GITTLEMACKER** demands not only compensatory damages, but punitive damages.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory damages against the Defendant **DETRICK**, in an amount in excess of Ten Thousand Dollars ($10,000.00) and further demands punitive damages against the Defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars ($10,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just,

proper and equitable. Plaintiff demands a trial by jury.

## COUNT II
### Plaintiff GITTLEMACKER v. Defendant DETRICK
### ASSAULT and BATTERY Under State Law

45. Plaintiff **GITTLEMACKER** incorporates by reference all of the averments contained in paragraphs 1 through 44 above, as fully as though the same were set forth here at length.

46. Plaintiff **GITTLEMACKER** suffered offensive physical contact as a result of the excessive use of force by Defendant **DETRICK**, as described above.

47. The actions of Defendant **DETRICK**, constituted both assault and battery.

48. Under Pennsylvania law, a cause of action for battery depends not upon the severity of the contact or injury, but upon the intent and offensiveness of the contact. In Cohen v. Lit Brothers, 166 Pa. Super. 206, 70 A.2d 419 (1950), the court held that "a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."

49. In this case, as averred above, menacing physical violence was committed against Plaintiff **GITTLEMACKER**, by Defendant **DETRICK** which constituted assault and battery under Pennsylvania law.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory damages against Defendant **DETRICK**, in an amount in excess of Ten Thousand Dollars ($10,000.00) and further demands punitive damages against the Defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars ($10,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just,

proper and equitable. Plaintiff demands a trial by jury.

## COUNT III
### Plaintiff GITTLEMACKER v. Defendant FALLS TOWNSHIP
### "Monell" Count

50. Plaintiff **GITTLEMACKER** incorporates by reference all of the averments contained in paragraphs 1 through 49 above, as fully as though the same were set forth here at length.

51. The constitutional violations averred in Count I above were without provocation, justification, reason or cause.

52. Defendant **FALLS TOWNSHIP** had a duty to safeguard Plaintiff's constitutional right to be free of excessive and unreasonable force that was deliberately ignored and/or abandoned by Defendant **FALLS TOWNSHIP**, including, but not limited to the Defendant **FALLS TOWNSHIP**'s policy and decision makers.

53. Defendant **FALLS TOWNSHIP** acted in willful disregard for, or deliberate indifference to, the safety of Plaintiff.

54. Defendant **FALLS TOWNSHIP**, through its police chief and other policy makers, knew that its police officers would confront similar situations as found herein by Defendant **DETRICK** and/or other police officers in their dealings with Plaintiff, a history of such employees mishandling of such situations exists, and these wrong choices by said officers, employees and agents, frequently caused deprivation of constitutional rights.

55. Defendant **FALLS TOWNSHIP** did nothing on an on-going basis to ensure that the officers, such as Defendant **DETRICK**, complied with municipal, departmental, Bureau, Federal, and Commonwealth rules and regulations, particularly those related to

use of force, use of the arrest power, and presenting honest evidence when arresting, imprisoning and prosecuting citizens.

56. Defendant **FALLS TOWNSHIP**, by formulating, and/or acquiescing in the longstanding policies, customs or practices as stated supra, acted with deliberate or reckless indifference, callous disregard, or in such an arbitrary manner so as to shock the conscience.

57. Through its deliberate conduct, Defendant **FALLS TOWNSHIP** was the moving force behind these violations.

57. Defendant **FALLS TOWNSHIP** , acting under color of state law, deprived Plaintiff of rights secured by the Constitution.

58. Defendant **FALLS TOWNSHIP** , though policy makers and other leaders who had the power to make policy, including, but not limited to the police chief, are responsible for the acquiescence in a well-settled custom in the Defendant **FALLS TOWNSHIP**.

59. The actions described supra were so deliberate and intentional, and displayed such reckless and/or deliberate indifference to the rights and well being of Plaintiff as to shock the conscience.

60. Defendant **FALLS TOWNSHIP** violated Plaintiff's rights by failing to train, supervise and discipline its officers, the individual Defendant and others, in the proper methods for dealing constitutionally with individuals allegedly suspected of crimes and for the proper use of force.

61. Police officers of Defendant **FALLS TOWNSHIP,** acting as its agents, servants, workmen and/or employees, have a history of, threatening, assaulting, and physically attacking and injuring citizens while on duty and/or in uniform, and of refusing

to honestly report, investigate, charge or recommend charges against citizens such as Plaintiff **GITTLEMACKER**.

62. The constitutional deprivations detailed above were caused by the lack of training, supervision, review and discipline by Defendant **FALLS TOWNSHIP** with regard to its officers, and police officers in general and Defendant **DETRICK** in particular, and/or others, by failing in their duty to appropriately interact with citizens without causing the deprivation of constitutional rights, departing from the prevailing standards.

63. Prior to the date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens rights by officers of its police department, particularly the individual Defendant, and other officers similarly situated, who were not properly trained, disciplined and/or supervised to appropriately interact with citizens without causing the deprivation of Fourth Amendment constitutional rights.

64. Defendant **FALLS TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general, and Defendant **DETRICK**, in particular, to appropriately interact with citizens without causing the deprivation of Fourth Amendment constitutional rights.

65. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **DETRICK**, Plaintiff sustained physical injury and other deprivation of her civil rights as indicated herein.

66. Defendant **DETRICK** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas

of:

    a.    the use of unreasonable force, by police officers;

    b.    the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;

    c.    the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    d.    police officers' use of their status as police officers to employ the use of excessive force, and/or to achieve ends not reasonably related to their police duties; and

    e.    the failure of police officers to follow established policies, procedures, directives and instructions regarding the use police powers under such circumstances as presented herein.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory damages against Defendant **FALLS TOWNSHIP**, in an amount in excess of Ten Thousand ($10,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

### COUNT IV
### Plaintiff GARROW v. Defendant DETRICK
### State Law Loss of Consortium

67.    Plaintiff **GARROW** incorporates by reference all of the averments contained in paragraphs 1 through 66 above, as fully as though the same were set forth

here at length.

68. Plaintiff **GARROW** is the husband of Plaintiff **GITTLEMACKER**, and, as such, has incurred expenses for the treatment of his wife's injuries and may in the future be caused to incur additional expenses as he has in the past.

69. As a result of the aforesaid occurrences, Plaintiff **GARROW**, to his great damage and loss, has been deprived of the society, companionship, services and assistance of his wife Plaintiff **GITTLEMACKER**, to which he is legally entitled.

**WHEREFORE**, Plaintiff, **GARROW**, demands damages of the Defendant **DETRICK**, in a sum in excess of Ten Thousand Dollars ($10,000.00) plus costs.

                                       **JEFFREY R. LESSIN & ASSOCIATES, P.C.**

                                       BY: *Jeffrey R. Lessin*
                                                     **JEFFREY R. LESSIN, ESQUIRE**
                                                     **MARK T. RICHTER, ESQUIRE**

## VERIFICATION

Diane Gittlemacker, state that I am the Plaintiff in this matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*/s/ Diane Gittlemacker*
Diane Gittlemacker