## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE GITTLEMACKER and KEVIN GARROW, wife and husband** <br> **4565 Bermuda Street** <br> **Philadelphia, PA 19124** <br> **Plaintiffs,** <br><br> v. <br><br> **FALLS TOWNSHIP, c/o Falls Township** <br> **Police Department** <br> **188 Lincoln Highway** <br> **Fairless Hills, PA 19030** <br> and <br> **Police Officer BRIAN DETRICK,** <br> **c/o Falls Township Police Department** <br> **188 Lincoln Highway** <br> **Fairless Hills, PA 19030** | : <br> : <br> : **CIVIL ACTION** <br> : <br> : **NO. 22-3899** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## AMENDED COMPLAINT

Pursuant to this Honorable Court's December 12, 2022 Order, Plaintiffs, **DIANE GITTLEMACKER**, (hereinafter **"Plaintiff GITTLEMACKER"**) and **KEVIN GARROW** (hereinafter "Plaintiff **GARROW**") wife and husband, by and through their undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., file this Amended Complaint and sue Defendants, **FALLS TOWNSHIP**, and **Police Officer BRIAN DETRICK**, and aver as follows:

## INTRODUCTION

1.     This is an action at law for damages sustained by a citizen of the United States against an individual police officer of the Falls Township Police Department and against Falls Township.

2.     On October 2, 2020 at approximately 11:00 p.m.., Plaintiff **GITTLEMACKER**

1

was arrested on the 300 block of Hamilton Avenue in Falls Township, Pennsylvania by Defendant **Police Officer BRIAN DETRICK** (hereinafter "Defendant **DETRICK**") for four misdemeanors and five summary offenses arising out of a traffic accident.[1]

3.    During the course of the arrest, Plaintiff did not resist Defendant **DETRICK** in any way, did not engage in any assaultive or threatening behavior, and did nothing to justify the use of excessive force on Plaintiff **GITTLEMACKER** by Defendant **DETRICK**.

4.    During the course of the arrest, after hand cuffing Plaintiff **GITTELMACKER**, Defendant **DETRICK** used excessive force on Plaintiff **GITTLEMACKER**, assaulting her and injuring, *inter alia*, her chest, back, and left shoulder.

5.    After he hand cuffed Plaintiff **GITTLEMACKER**, Defendant **DETRICK** threw her into the back of a police vehicle, failed to place a seatbelt on her, and then intentionally operated the vehicle in a reckless and erratic manner, for the purpose of causing Plaintiff **GITTELMACKER** personal injuries . He injured Plaintiff **GITTELMACKER** by, *inter alia*, intentionally swerving and jolting the moving vehicle so that Plaintiff **GITTLEMACKER** was thrown around the interior of the caged portion of the police vehicle, causing her body to slam into internal parts and components of the police vehicle.

6.    During these events, Plaintiff **GITTLEMACKER** was handcuffed and was unable to steady herself despite her attempts to do so.

7.    By this complaint, Plaintiff **GITTLEMACKER** seeks judicial redress for violation of her civil rights.

8.    Plaintiff **GITTLEMACKER** brings this claim pursuant to 42 U.S.C. Sec. 1983

---

[1]All charges were dismissed on June 2, 2021 by the District Magistrate, the Honorable Jan Vislosky.

seeking monetary relief for violation of the Fourth Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment to the Constitution of the United States.  Plaintiff **GITTLEMACKER** also seeks damages under Pennsylvania tort law.  Plaintiff **GARROW** seeks damages for loss of consortium.

## JURISDICTION AND VENUE

9.     The jurisdiction of this Court is invoked under 28 U.S.C. Sec. 1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff **GITTLEMACKER** by the Constitution of the United States.

10.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

11.     Venue is properly placed in the Unites States District Court of the Eastern District of Pennsylvania as it is where all parties reside or have business addresses and where all the events complained of occurred.

## PARTIES

12.     Plaintiff **GITTLEMACKER** is an adult individual, a citizen of the United States, and she resides in Philadelphia, Pennsylvania.

13.     Plaintiff **GARROW** is an adult individual, a citizen of the United States and he resides in Philadelphia, Pennsylvania. Plaintiff **GARROW** is the husband of Plaintiff **GITTLEMACKER**.

14.     Defendant **FALLS TOWNSHIP** is a municipal entity, municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and was the employer Defendant **DETRICK**.

3

15.    Defendant **DETRICK**  is an adult individual, duly appointed and presently acting as a police officer for Defendant **FALLS TOWNSHIP**. Defendant **DETRICK** is being sued in his individual capacity for money damages.

16.    At all times pertinent hereto, Defendant **DETRICK** was a state actor, sanctioned under color of state law, statute, township ordinances, regulations, policies, practices, customs and/or usages, who engaged in conduct resulting in injury to  Plaintiff **GITTLEMACKER**, depriving her of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment to the Constitution of the United States, and the laws of the United States and the Commonwealth of Pennsylvania.

17.    Defendant **FALLS TOWNSHIP**, by and through the individual members of the Police Department of Falls Township, including, but not limited to, Defendant **DETRICK**, acting under color of law, statute, township ordinance, regulations, policies, practices, customs and/or usages have subjected Plaintiff **GITTLEMACKER** and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery resulting in the denial of the rights, privileges, and immunities guaranteed to Plaintiff **GITTLEMACKER** and other citizens by the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

18.    This systematic pattern of conduct consisted of a large number of individual acts of violence, physical harm, intimidation, and/or humiliation visited upon Plaintiff **GITTLEMACKER** and other citizens by members of the Police Department of Falls Township under color of law. These acts of violence, intimidation, and/or humiliation which occurred under color of law, have no justification or excuse in law and are illegal, improper,

4

and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

19.    Despite the fact that Defendant **FALLS TOWNSHIP** policy making officials knew and/or should have known of the fact that this pattern of conduct was being carried out by police officers, Defendant **FALLS TOWNSHIP**, through its policy maker officials, particularly the chief of police, have made no effort to halt to this course of conduct, to make redress to Plaintiff **GITTLEMACKER** or other citizens injured thereby, or to take any disciplinary action whatsoever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this pattern of conduct.

## ADDITIONAL FACTUAL AVERMENTS AGAINST FALLS TOWNSHIP

20.    This cause of action is brought by Plaintiff **GITTLEMACKER** against Falls Township for deprivation by its agents, servants, workmen and/or employees of her constitutional rights within the meaning of 42 U.S.C. §1983.

21.    Defendant **DETRICK**, acting under color of law as an authorized police officer of Defendant **FALLS TOWNSHIP,** while in the act of stopping, arresting, physically abusing and denying medical treatment,   resulted in a deprivation of Plaintiff **GITTLEMACKER**'s constitutional rights.

22.    Defendant **FALLS TOWNSHIP** violated Plaintiff **GITTLEMACKER**'s due process rights by failing to train, monitor and discipline Defendant **DETRICK** in the proper methods for dealing with handcuffed suspects or perpetrators who are being transported by police vehicle under the same circumstances as Plaintiff **GITTLEMACKER**, and by not properly requiring that the citizens they injure get needed medical attention.

5

23.    Defendant **FALLS TOWNSHIP**, through its police department, has a history of verbal and physical abuse, police brutality and denial of reasonable medical attention to citizens similarly situated as Plaintiff **GITTLEMACKER** and depriving them of their constitutional rights within the meaning of 42 U.S.C. §1983.

24.    The constitutional deprivation was caused by Defendant **FALLS TOWNSHIP**'s lack of training, supervision and discipline with regard to its police officers in general, and Defendant **DETRICK** in particular, by failing to train, discipline or supervise police officers in their duty to appropriately interact with hand cuffed citizens being transported via police vehicle without causing the deprivation of constitutional rights and departing from the prevailing standards.

25.    Prior to the date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated and negligently overlooked, ratified and/or approved the constitutional violations of citizens rights by officers of its police department, particularly Defendant **DETRICK**, who was not properly trained and supervised to appropriately interact with hand cuffed citizens being transported via police vehicle without causing the depravation of constitutional rights, particularly the right to be free of the excessive and unreasonable use of force prohibited by the Fourth Amendment to the Constitution of the United States.

26.    Defendant **FALLS TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its police officers in general, and Defendant **DETRICK**, in particular, to appropriately interact with citizens without causing the depravation of constitutional rights. In the alternative, Defendant **FALLS TOWNSHIP** is

6

responsible for its customs, that is, its acts that have not been formally approved by an appropriate decision-maker, but that are so widespread as to have the force of law in **FALLS TOWNSHIP**. Those customs are detailed herein below.

27.     As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **FALLS TOWNSHIP**, acting through Defendant **DETRICK**, Plaintiff **GITTLEMACKER** has sustained severe physical and mental injuries as described below.

### COUNT I
### Plaintiff GITTLEMACKER v. Defendant DETRICK
### CIVIL RIGHTS VIOLATIONS- 4th Amendment

### FACTUAL AVERMENTS

28.     Plaintiff **GITTLEMACKER** incorporates herein by reference all of the averments contained in paragraphs 1 through 27 above, as fully as though the same were set forth here at length.

29.     On October 2, 2020 at approximately 11:00 p.m., Plaintiff **GITTLEMACKER** was arrested on the 300 block of Hamilton Avenue in Falls Township, Pennsylvania by Defendant **DETRICK** and charged with  four misdemeanors and five summary offenses arising out of a traffic accident. All those charges were dismissed by the Court in June 2021.

30.     During the course of the arrest, Plaintiff **GITTLEMACKER** did not resist Defendant **DETRICK** in any way, did not engage in any assaultive or threatening behavior, and did nothing to justify the use of excessive force by Defendant **DETRICK**.

31.     During the course of the arrest, after hand cuffing Plaintiff **GITTLEMACKER**, Defendant **DETRICK** used excessive force on Plaintiff **GITTLEMACKER**, assaulting her

and injuring, *inter alia*, her chest, back and left shoulder.

32.     After he hand cuffed Plaintiff **GITTLEMACKER**, Defendant **DETRICK** threw her into the back of a police vehicle, failed to secure her with a seatbelt, and then intentionally operated the police vehicle in a reckless and erratic manner, for the purpose of causing Plaintiff **GITTLEMACKER** personal injuries.     He injured Plaintiff **GITTLEMACKER** by, *inter alia*, intentionally swerving and jolting the moving vehicle so that she was thrown around the interior of the caged portion of the police vehicle, causing her body to slam into internal parts and components of the police vehicle.

33.     During these events, Plaintiff **GITTLEMACKER**, who was hand-cuffed, tried to steady herself to prevent injury, but she was unable to do so.

**DAMAGES**

34.     As a direct and proximate result of the above mentioned acts of the Defendants, Plaintiff **GITTLEMACKER** has been caused to suffer great bodily and mental harm, pain, suffering and injury, including exacerbation of preexisting injuries and mental anguish, including injuries and pain to her chest, back,  left shoulder and head, from the time of the incident until now, and will continue to suffer same well into the future; she has lost and will in the future lose sums of money due to medical expenses past, present and future; has lost and/or may lose earning capacity as the result of her injuries  and by reason of having been greatly humiliated and held up to public scorn and ridicule by the foregoing acts of the Defendants.

35.     Plaintiff **GITTLEMACKER** has been forced to incur financial obligations for investigation, attorney fees, court reporter fees and other expenses in the prosecution and

8

protection of her civil rights, which has been a serious burden to her.

36.     Due to the intentional, outrageous and/or recklessly indifferent nature of the misconduct of Defendant **DETRICK** as outlined above, Plaintiff **GITTLEMACKER** demands compensatory damages and punitive damages.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory damages against the Defendants in an amount in excess of Ten Thousand Dollars ($10,000.00) and further demands punitive damages against the Defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars ($10,000.00).   A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

### COUNT II
### Plaintiff GITTLEMACKER v. Defendant DETRICK
### ASSAULT and BATTERY Under State Law

37.     Plaintiff **GITTLEMACKER** incorporates by reference all of the averments contained in paragraphs 1 through 36 above, as fully as though the same were set forth here at length.

38.     Plaintiff **GITTLEMACKER** suffered offensive physical contact as a result of the excessive use of force by Defendant **DETRICK**, as described above.

39.     The actions of Defendant **DETRICK**, constituted both assault and battery.

40.     Under Pennsylvania law, a cause of action for battery depends not upon the severity of the contact or injury, but upon the intent and offensiveness of the contact. In Cohen v. Lit Brothers, 166 Pa. Super. 206, 70 A.2d 419 (1950), the court held that "a battery is committed whenever the violence menaced in an assault is actually done, though

in ever so small a degree, upon the person."

41.    In this case, as averred above, menacing physical violence was committed against Plaintiff **GITTLEMACKER**, by Defendant **DETRICK** which constituted assault and battery under Pennsylvania law.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory damages against Defendant **DETRICK**, in an amount in excess of Ten Thousand Dollars ($10,000.00) and further demands punitive damages against the Defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars ($10,000.00).  A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

## COUNT III

### Plaintiff GITTLEMACKER v. Defendant FALLS TOWNSHIP

### "Monell" Count

42.    Plaintiff **GITTLEMACKER** incorporates by reference all of the averments contained in paragraphs 1 through 41 above, as fully as though the same were set forth here at length.

43.    Plaintiff **GITTLEMACKER** incorporates  by reference all of the averments contained in paragraphs 1 through 32 of the Plaintiffs' original Complaint, as fully as though the same were set forth here at length. A true and correct copy of the original Complaint is attached hereto and incorporated herein.

44.    This cause of  action is brought by Plaintiff **GITTLEMACKER** against Defendant **FALLS TOWNSHIP** for deprivation by its agents, servants, workmen and/or

employees of her constitutional rights within the meaning of 42 U.S.C. §1983.

45.     Defendant **DETRICK**, and/or other police officers employed by Defendant **FALLS TOWNSHIP**, acting under color of law as an authorized police officers of Defendant **FALLS TOWNSHIP** while in the act of stopping, arresting, physically abusing, and denying medical treatment to Plaintiff **GITTLEMACKER**, caused a deprivation of Plaintiff **GITTLEMACKER**'s Fourth Amendment rights and rights under the due process clause of the Fourteenth Amendment of the United States Constitution.

46.     Defendant **FALLS TOWNSHIP** violated Plaintiff **GITTLEMACKER**'s due process rights by failing to train Defendant **DETRICK** in the proper methods for dealing with handcuffed suspects or perpetrators under the same circumstances as Plaintiff **GITTLEMACKER**, and by failing to see to it that the citizens they injure get needed medical attention. Further, Defendant **FALLS TOWNSHIP** violated Plaintiff **GITTLEMACKER**'s due process rights by failing to train Defendant **DETRICK** to (1) refrain from throwing arrestees into the back of a police vehicle with unreasonable force, (2) secure handcuffed individuals who are placed into a police vehicle with a seatbelt, (3) to refrain from intentionally operating a police vehicle with a hand cuffed, unsecured arrestee in the back compartment in a reckless and erratic manner, for the purpose of causing said arrestee personal injuries, and (4) to refrain from intentionally swerving and jolting the said moving police vehicle so that a hand cuffed, unsecured arrestee is thrown around the interior of the caged portion of the police vehicle, causing an unreasonable risk that the arrestee will slam into internal parts and components of the police vehicle and suffer injury.

47.     Defendant **FALLS TOWNSHIP**'s decision-makers knew that the precise type

of conduct described in the preceding paragraph had previously occurred with Defendant **DETRICK** and other of its officers, and also knew of ways to prevent such conduct through training, re-training, or discipline,  but said decision-makers either deliberately chose not to pursue these alternatives, or acquiesced in a long-standing policy or custom of inaction in this regard

48.     There existed, for years, a long-standing custom of inaction among the Defendant **FALLS TOWNSHIP**'s decision-makers of not pursuing remedies or alternatives to its police officers (1) throwing arrestees into the back of police vehicles with unreasonable force, (2) intentionally failing secure handcuffed arrestees who are placed into a police vehicle with a seatbelt, (3) intentionally operating a police vehicle with a hand cuffed, unsecured arrestee in the back compartment  in a reckless and erratic manner, for the purpose of causing said arrestee personal injuries, and (4) intentionally swerving and jolting the said moving police vehicle so that a hand cuffed, unsecured arrestee is thrown around the interior of the caged portion of the police vehicle, causing an unreasonable risk that the arrestee would to slam into internal parts and components of the police vehicle and suffer injury.  All of this occurred with  full knowledge on the part of Defendant **FALLS TOWNSHIP**'s decision-makers of these unconstitutional abuses.

49.     The custom referenced in the preceding paragraph was not formally approved by the appropriate decision-makers, but was so widespread as to have the force of law.  The officers of Defendant **FALLS TOWNSHIP** knew they could engage in this specified misconduct with impunity, and they did so.

50. Plaintiff **GITTLEMACKER**'s injuries and damages were caused by the

above-referenced custom.

51.    Defendant **FALLS TOWNSHIP**, through its police department, has a history of verbal and physical abuse, police brutality and denial of reasonable medical attention to citizens similarly situated as Plaintiff **GITTLEMACKER** and of depriving them of their constitutional rights within the meaning of 42 U.S.C. §1983.

52.    The constitutional deprivation was caused by Defendant **FALLS TOWNSHIP**'s failure to train, supervise and discipline its police officers in general and Defendant **DETRICK**  in particular in how to arrest and transport arrestees, even if those arrestees are obnoxious or annoying to said police officers, without engaging in such conduct as  (1) throwing arrestees into the back of a police vehicle with unreasonable force, (2) intentionally failing secure handcuffed arrestees who are placed into a police vehicle with a seatbelt, (3) intentionally operating a police vehicle with a hand cuffed, unsecured arrestee in the back compartment  in a reckless and erratic manner, for the purpose of causing said arrestee personal injuries, and (4) intentionally swerving and jolting the said moving police vehicle so that a hand cuffed, unsecured arrestee is thrown around the interior of the caged portion of the police vehicle, causing an unreasonable risk that the arrestee would to slam into internal parts and components of the police vehicle and suffer injury.

53.    Prior  to  the  date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated and negligently overlooked, ratified and/or approved the constitutional violations of citizens' rights by officers of its police department, particularly Defendant **DETRICK**, who was  not  properly  trained  and supervised to appropriately interact with citizens without (1) throwing arrestees into the

back of a police vehicle with unreasonable force, (2) intentionally failing secure handcuffed arrestees who are placed into a police vehicle with a seatbelt, (3) intentionally operating a police vehicle with a hand cuffed, unsecured arrestee in the back in a reckless and erratic manner, for the purpose of causing said arrestee personal injuries, and (4) intentionally swerving and jolting the said moving police vehicle so that a hand cuffed, unsecured arrestee is thrown around the interior of the caged portion of the police vehicle, causing an unreasonable risk that the arrestee would to slam into internal parts and components of the police vehicle and suffer injury.   All of this conduct is prohibited by the Fourth Amendment to the Constitution of the United States.

54.    The violations of federal rights detailed in the preceding paragraph was a highly predictable consequence of Defendant **FALLS TOWNSHIP** failure to equip its law enforcement officers with specific tools in the form of training, re-training, supervision and discipline to handle the very common situation of arresting an individual and safely transporting them to the police station without 1) throwing the arrestee into the back of a police vehicle with unreasonable force, (2) intentionally failing secure the handcuffed arrestee who are placed into a police vehicle with a seatbelt, (3) intentionally operating a police vehicle with a hand cuffed, unsecured arrestee in the back in a reckless and erratic manner, for the purpose of causing said arrestee personal injuries, and (4) intentionally swerving and jolting the said moving police vehicle so that a hand cuffed, unsecured arrestee is thrown around the interior of the caged portion of the police vehicle, causing an unreasonable risk that the arrestee would to slam into internal parts and components of the police vehicle and suffer injury.

55.    Previous instances of unconstitutional misconduct by its police officers,

14

including Defendant **DETRICK,** put  Defendant **FALLS TOWNSHIP** on notice of previous instances of unconstitutional excessive force in violation  of the Fourth Amendment have occurred.  While all of those instances have not yet been discovered by the Plaintiffs. That evidence, *inter alia,* would include the following instances of past misconduct, Fourth Amendment violations in particular, that were committed by Defendant **DETRICK** and his other colleagues on the Police Department of Defendant **FALLS TOWNSHIP,** which clearly evince a lack of training, discipline and supervision over its police officers on the part of Defendant **FALLS TOWNSHIP.**  The following suits evidence same:

- In the case <u>Whitehead, et al. v. Falls Township, et al.</u>, filed in the Bucks County Court of Common Pleas at No. 2003-02801**,** removed to federal court at USDC, EDPa No 2:03-cv-03141-JK, Defendant **FALLS TOWNSHIP** and its Police Department were sued for constitutional violations in 2001 resulting in personal injury.  The matter was marked settled in federal court.  After the settlement, the involved officers were not disciplined, re-trained or subject to supervision by Defendant **FALLS TOWNSHIP** regarding their disregard of the decedent's Fourth Amendment rights.  Instead, the Defendant officers received raises and positive reviews by the policymakers at Defendant **FALLS TOWNSHIP**, and were all made to understand, through words and/or actions by Defendants **FALLS TOWNSHIP** policymakers, that their misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct.

- In the case <u>O'Donnell v. Detrick, et al.</u>, USDC, EDPa No 2:05-cv-04491-TR, five (5) identified Police Officers of Defendant **FALLS TOWNSHIP**, *including Defendant DETRICK,* were sued for excessive force in violation of the Fourth Amendment and

also for intentional assault and battery when they brutally beat Mr. O'Donnell during a traffic stop in September 2003.  The case resulted in a cash settlement to Mr. O'Donnell from   Defendants **FALLS TOWNSHIP** and its Defendant officers (including Defendant **DETRICK),** after which the Defendant officers were not disciplined, re-trained or subject to supervision by Defendant **FALLS TOWNSHIP** regarding their disregard of Mr. O'Donnell's Fourth Amendment rights.  Instead, the Defendant officers received raises and positive reviews by the policymakers at Defendant **FALLS TOWNSHIP**, and were all made to understand, through words and/or actions by Defendants **FALLS TOWNSHIP** policymakers, that their misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct;

- In the case Efaw  v. Falls Township, et al., USDC, EDPa No 2:07-cv-00598-MFA, five (5) identified Police Officers of Defendant **FALLS TOWNSHIP**, were sued for excessive force in violation of the Fourth Amendment and also for intentional assault and battery when they sicced a police attack dog on Mr. Efaw after he was arrested and hand cuffed in October, 2005.  Fortunately for Mr. Efaw, neighboring bystanders saw the attack, which the Falls Police Officers lied about at deposition and at trial.  The case resulted in a jury verdict for Mr. Efaw, which included punitive damages and a significant attorneys' fee payment from Defendants **FALLS TOWNSHIP** and its Defendant officers, after which the Defendant officers were not disciplined, re-trained or subject to supervision by Defendant **FALLS TOWNSHIP** regarding their disregard of Mr. Efaw's Fourth Amendment rights.  Instead, the officer who sicced the attack dog on Mr. Efaw was promoted to a higher rank shortly

thereafter, and the Defendant officers received raises and positive reviews by the policymakers at Defendant **FALLS TOWNSHIP**, and were all made to understand, through words and/or actions by Defendants **FALLS TOWNSHIP** policymakers, that their misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct.

- In the case Bachor v. Falls Township, et al., USDC, EDPa No 2:20-cv-04243-RBS, Police Officers of Defendant **FALLS TOWNSHIP**, *including Defendant DETRICK* (who was initially identified as a "John Doe" officer) were sued for intentionally falsely arresting and imprisoning a palpably innocent man for theft, and maliciously prosecuting him in 2018. The case resulted in a cash settlement to Mr. Bachor from, *inter alia*, Defendants **FALLS TOWNSHIP** and **DETRICK,** after which Defendant **DETRICK** was not disciplined, re-trained or subject to supervision by Defendant **FALLS TOWNSHIP** regarding his disregard of Mr. Bachor's Fourth Amendment rights. Instead, Defendant **DETRICK** received raises and positive reviews by the policymakers at Defendant **FALLS TOWNSHIP**, and was made to understand, through words and/or actions by Defendant **FALLS TOWNSHIP** policymakers, that his misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct.

- In the case Blake v. Falls Township, et al., USDC, EDPa No 2:19-cv-02924-PD, four (4) identified and up to ten (10) unidentified "John Doe" Police Officers of Defendant **FALLS TOWNSHIP**, were sued for excessive force in violation of the Fourth Amendment and also for intentional assault and battery when they beat Mr. Blake while arresting him for a crime he did not commit in July 2019. Fortunately for Mr.

17

Blake, the beating was recorded by a surveillance camera.  The case resulted in a cash settlement to Mr. Blake from  Defendants **FALLS TOWNSHIP** and its Defendant officers**,** after which the Defendant officers were not disciplined, re-trained or subject to supervision by Defendant **FALLS TOWNSHIP** regarding their disregard of Mr. Blake's Fourth Amendment rights.  Instead, the Defendant officers received raises and positive reviews by the policymakers at Defendant **FALLS TOWNSHIP**, and were all made to understand, through words and/or actions by Defendants **FALLS TOWNSHIP** policymakers, that their misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct.

56.    In all of the lawsuits detailed in the preceding paragraph, Defendant **FALLS TOWNSHIP** was on full notice that its officers engaged in unconstitutional misconduct in violation of the Fourth Amendment all of which resulted in verdict or cash settlement with the citizen victims.

57.    After each of the above-referenced suits involving Fourth Amendment violations, there was no discipline, re-training, or other sanction given to any involved officer, including Defendant **DETRICK**.  Indeed, after each such instance of misconduct, Defendant **FALLS TOWNSHIP** awarded raises and positive reviews to the offending officers, who were all made to understand, through words and/or actions by Defendants **FALLS TOWNSHIP** policymakers, that their misconduct was acceptable police behavior in Falls Township, which directly led to further unconstitutional misconduct.

58.    While Plaintiff concedes that the above-referenced instances of Defendant **FALLS TOWNSHIP** police officers intentionally violating the Fourth Amendment rights of

18

citizen do not specifically involve excessive force inflicted on an arrestee by driving erratically during transport, they do involve allegations that Defendant **DETRICK** and other **FALLS TOWNSHIP** police officers engaged in violation of citizens' Fourth Amendment rights, including the right to be free from unreasonable or excessive use of force.  Further, despite these cases of misconduct, the involved officers were given a message of approval of the use of excessive force on citizens by receiving raises and positive reviews by decision-makers.

59.    As a direct and proximate result of the above-mentioned unconstitutional acts by Defendant **FALLS TOWNSHIP**, Plaintiff **GITTLEMACKER** has sustained severe physical and mental injuries as described herein.

60.    The constitutional violations averred in Count I above were without provocation, justification, reason or cause.

61.    Defendant **FALLS TOWNSHIP** had a duty to safeguard Plaintiff's constitutional right to be free of excessive and unreasonable force that was deliberately ignored and/or abandoned by Defendant **FALLS TOWNSHIP** , including, but not limited to the Defendant **FALLS TOWNSHIP** 's  policy and decision makers as detailed above.

62.    Defendant **FALLS TOWNSHIP** acted in willful disregard for, or deliberate indifference to,  the safety of Plaintiff.

63.    Defendant **FALLS TOWNSHIP**, through its police chief and other policy makers, knew that its police officers would confront similar situations as found herein by Defendant **DETRICK** and/or other police officers in their dealings with Plaintiff, a history of such employees mishandling of such situations exists, and these wrongful actions by said officers, employees and agents, frequently caused deprivation of constitutional rights.

64.    Defendant **FALLS TOWNSHIP** did nothing on an on-going basis to ensure that the officers, such as  Defendant **DETRICK**, complied with municipal, departmental, Bureau, Federal, and Commonwealth rules and regulations, particularly those related to use of force, use of the arrest power, and presenting honest evidence when arresting, imprisoning,  and prosecuting citizens.

65.     Defendant **FALLS TOWNSHIP**, by formulating, and/or acquiescing in the longstanding policies, customs or practices as stated <u>supra</u>, acted with deliberate or reckless indifference, callous disregard, or in such an arbitrary manner so as to shock the conscience.

66.     Through its deliberate indifference and deliberate conduct, Defendant **FALLS TOWNSHIP** was the moving force behind these violations.

67.    Defendant **FALLS TOWNSHIP** , acting under color of state law, deprived Plaintiff of rights secured by the Constitution.

68.    Defendant **FALLS TOWNSHIP** , though policy makers and other leaders who had the power to make policy, including, but not limited to the police chief, are responsible for the acquiescence in a well-settled custom in the Defendant **FALLS TOWNSHIP**.

69.     The actions described <u>supra</u> were so deliberate and intentional, and displayed such reckless and/or deliberate indifference to the rights and well being  of Plaintiff as to shock the conscience.

70.     Defendant **FALLS TOWNSHIP** violated Plaintiff's rights by failing to train, supervise and discipline its officers, the individual Defendant and others, in the proper methods for dealing constitutionally with individuals allegedly suspected of crimes and for the proper use of force.

71.     Police officers of Defendant **FALLS TOWNSHIP,** acting as its agents, servants, workmen and/or employees, have a history of, threatening, assaulting, and physically attacking and injuring citizens while on duty and/or in uniform, specifically, using excessive force during the arrest process.

72.     The constitutional deprivations detailed above were caused by the lack of training, supervision, review and discipline by Defendant **FALLS TOWNSHIP** with regard to its police officers in general and Defendant **DETRICK** in particular, and/or others, by failing in their duty to appropriately interact with citizens without causing the deprivation of constitutional rights, departing from the prevailing standards.

73.     As detailed above, prior to the date of the incident involving Plaintiff **GITTLEMACKER**, Defendant **FALLS TOWNSHIP** permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens rights by officers of its police department, particularly the individual Defendant, and other officers similarly situated, who were not properly trained, disciplined and/or supervised to appropriately interact with citizens without causing the deprivation of Fourth Amendment constitutional rights.

74.     Defendant **FALLS TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general, and Defendant **DETRICK**, in particular, to appropriately interact with citizens without causing the deprivation of Fourth Amendment constitutional rights. Defendant **FALLS TOWNSHIP** is also responsible for its customs, as described above.

75.     As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **DETRICK**, and directly as a result of the unconstitutional conduct of Defendant **FALLS TOWNSHIP**, Plaintiff sustained physical injury and other deprivation of

21

her civil rights as indicated herein.

76.    Defendant **FALLS TOWNSHIP** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

a.    the use of unreasonable force, by police officers;

b.    the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;

c.    the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

d.    police officers' use of their status as police officers to employ the use of excessive force, and/or to achieve ends not reasonably related to their police duties; and

e.    the failure of police officers to follow established policies, procedures, directives and instructions regarding the use police powers under such circumstances as presented herein.

**WHEREFORE**, Plaintiff **GITTLEMACKER** demands compensatory and punitive damages against Defendant **FALLS TOWNSHIP**, in an amount in excess of Ten Thousand ($10,000.00).  A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable.  Plaintiff demands a trial

by jury.

**COUNT IV**
**Plaintiff GARROW v. Defendant DETRICK**
**State Law Loss of Consortium**

77.     Plaintiff **GARROW** incorporates by reference all of the averments contained in paragraphs 1 through 76 above, as fully as though the same were set forth here at length.

78.     Plaintiff **GARROW** is the husband of Plaintiff **GITTLEMACKER**, and, as such, has incurred expenses for the treatment of his wife's injuries and may in the future be caused to incur additional expenses as he has in the past.

79.     As a result of the aforesaid occurrences, Plaintiff **GARROW**, to his great damage and loss, has been deprived of the society, companionship, services and assistance of his wife Plaintiff **GITTLEMACKER**, to which he is legally entitled.

**WHEREFORE**, Plaintiff, **GARROW**, demands damages of the Defendant **DETRICK**, in a sum in excess of Ten Thousand Dollars ($10,000.00) plus costs.


**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

BY:    *Jeffrey R. Lessin*
         **JEFFREY R. LESSIN, ESQUIRE**
         **MARK T. RICHTER, ESQUIRE**

## <u>VERIFICATION</u>

Diane Gittlemacker , state that I am the Plaintiff in this matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.